The first case for argument is 22-1125 XR Communications v. ARRIS Solutions. Mr. Mirzai. Exactly, Your Honor. Welcome. Please proceed. Thank you. Good morning. May it please the Court. Reza Mirzai for XR Communications, the appellant in this case. Your Honors, the District Court erred as a matter of law in construing the claim limitation search receiver logic as a means plus function term. It erred in misinterpreting and misapplying this Court's post-Williamson precedent and holding, and I quote, a known class of structures cannot be sufficient under the Williamson standard. It then discounted all of the evidence in the case applying the correct standard and applied a novel one, namely whether there was evidence that a posita would have known how the disputed term was actually capable of performing. Let me ask you, so this is about the legal standard. Don't our cases, including Williamson, require that the structure be capable of performing the claim function? That, to me, it seems is what the standard that the District Court applied, and it seems to me, and I want to hear if you think I'm wrong, that our cases certainly support that standard. Williamson does not support that standard for the threshold question, Your Honor, of whether the term is construed as a means plus function term in the first place. Under Williamson and the post-Williamson case law, the Court must look at whether the disputed term that is recited in the claim as performing the recited function, whether that disputed term is sufficiently structural to be known to a posita as a name for structure. And this Court's post-Williamson precedent has held that known terms of art consistently, that known terms of art, as in this case, would be sufficiently structural, and that classes of structure are also sufficiently structural. And that has been consistently applied, without exception, on both of those items. Your Honor, this case has unrebutted evidence. Both sides agree? Before you move on to the evidence, could you help us, though, on the standard? It seems like you're confounding a number of different standards. It seems clear we've said that a class of structures, as opposed to just a single structure, could be sufficient, but only if it's sufficiently definite structure to be known to folks of skill in the art, or sufficient to perform the recited function. Isn't that what we have said? I believe, Judge Stark, you're paraphrasing a quote from Williamson, but the quote was, as DIFAN has held post-Williamson, was not intended to mean that there should be an inquiry into whether there's evidence that a posita would know that the disputed term is capable of performing the recited function at the threshold question of whether it's a means plus function term. That's not the inquiry. Instead, in DIFAN... At what point do you think DIFAN says we asked that question? Which question, Your Honor? Well, any of those questions. Let's take the one that Judge Crow started with, whether there's sufficient structure disclosed to perform the recited or claimed function. Where do we ask that question? You ask that question that the district court applied and that the defendants applied may be an enablement if that, but not in... You're saying that question has nothing to do with our 112 paragraph 6 cases? No, Your Honor. I'm sorry. The actual standard articulated in Williamson, which is whether there's sufficient structure to perform the claimed function, the way that that's been consistently interpreted... Wait a minute. Before you leave that thought, unless somebody mistranscribed this quote, the quote in Williamson is, paragraph 6 will apply if the challenger demonstrates that the claimed term fails to, quote, recite sufficiently definite structure or else recites function without reciting sufficient structure for performing that function. And in fact, Williamson wasn't the first to say that. They cite Watts, an earlier 2000 case for that. So Williamson says that. It says, and I understand this to be the legal standard that the district court applied. It recites function without reciting sufficient structure for performing that function. Your Honor, Judge Proce, you did correctly quote Williamson. The way that that has been interpreted consistently by this court is to determine whether the disputed term is sufficiently structural to be used by a... Well, I don't know how you can say that. Eugenera followed Williamson. It's a case that was relied on extensively by the district court here. And they say exactly the same thing that I understood Williamson to have been saying. If it recites function without reciting sufficient structure for performing that function. And they cite Williamson for that. I mean, there may be other cases out there, and maybe Dye... I don't remember. Dye Star is the one. Dye Van may be the one where it's not even an issue. I mean, there's absolutely zero structure. So nobody is arguing about whether it performs the claim function because there's just no structure. That's not what the argument is in the case. So there can be, I would concede, maybe there are means plus function cases that don't require this functional connection. But those where the issue was raised, Williamson, Eugenera, Watts, this is what our court has said. Our court has said it en banc. Yes, Your Honor. The quote is correct, and the district court did parrot that quote. But the district court misapplied that part of Williamson and all the post-Williamson cases. Okay, so you say the standard is right. So the legal, as Judge Stark was saying, the legal standard is right, but it's been misapplied in that case. That's what your argument is? The district court correctly quoted from Williamson, but misapplied that standard. Yes, Judge Prost. So the standard is correct. You concede you have to disclose function without, you need sufficient structure for performing the function. Performing that function, right? That's the legal standard. I believe that's a correct quote from Williamson. Williamson is the legal standard. Well, you can say that's a correct quote, but I'm asking you, is that the correct legal standard? Williamson is the correct legal standard, Your Honor. Thank you. Okay, so we all agree that's the legal standard, sufficient structure for performing the claimed function. So explain to me how the district court misapplied what we all agree is the correct legal standard. The way that that standard has been interpreted by Dye Fan and many other cases is that the essential inquiry is, and I'm quoting from 28F41365, whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. Full stop. You're backtracking now. I thought we had agreed to the legal standard. If apt, it's sufficient structure for performing that function. As I said, not every case needs to go that far because in some cases the only argument is, is there any structure at all? And so there may be cases that you say that talks about whether there's any structure because that's what the facts of the case were. But that doesn't diminish the import of the quote from Williamson adopted by E. Genera. That doesn't diminish the quote. The subsequent cases couldn't overrule an en banc case. That's correct, Your Honor, but the quote does not apply what the district court did in this case to reach its conclusion. Okay, so you're saying the district court did not apply the standard by look, did not say we're looking at the sufficient structure for performing that function, and it's not there. You're saying he misapplied that? He quoted the case, the district court quoted the case correctly but misapplied it. What the district court did instead is to seek evidence on a question that this court has never raised on this threshold question, namely whether there is evidence that a posita would have known how the recited function is performed by the disputed structural term. That's a question that's never been asked by this court. Instead, what this court has asked at the threshold question is whether a posita. Let's assume I'm not sure you're right. Let's assume the district court did that. Are we stuck with that or can we review ourselves whether or not the record here meets the test that you've now admitted is the applicable test for determining if this is a means plus function claim? Thank you, Judge Stark. Of course, this court can take the record in this case and apply the law correctly to it, and there's only one determination under this court's precedent, and that is that it's not a means plus function term. The reason, Your Honor, is there's never been a case like this one where both sides agree it's not a nonce term, search receiver logic, both sides agree it's a term of art. In fact, it's found in communication dictionaries. What evidence do you have in the record that search receiver logic, that's our term, right? The whole term, search receiver logic? That's our term. What evidence is in the record that that has a known meaning or sufficiently imparts structure to perform the recited function? So we have, first of all, your evidence at Appendix 1526 and 1527. There are admissions that search receiver logic is not a nonce term. Then at Appendix 1537 and 1538, the defendant's expert is admitting that search receiver is a known term of art, and in fact, Your Honors- But not in the telecommunications field. There is, Your Honor. And in the telecommunications field- There's no admission from their expert that it's a known term of art in the telecommunications field, is there? There's no admission of that. I don't believe so, but it's their verdict. We provided evidence of a dictionary definition in communications dictionary, and it's white, W-E-I-K. Is it a definition of search receiver logic? It's a definition of search receiver, and that is the term that qualifies as search receiver logic. And so search receiver- How is search receiver the same as search receiver logic when we're asking whether there's evidence as to what persons of skill in the art would understand? It's the structural term that qualifies search receiver logic, and I think both sides agree- Qualifies as in modifies? Yes. Okay, but how does that get you to evidence that persons of skill in the art know what search receiver logic is in the telecommunications field? Because the dictionary has a structural definition in the telecommunications field for search receiver, and search receiver logic, there can be no dispute that it's the logic within a search receiver. And that's how both sides applied that phrase. And this case is very different from- I don't understand what you said. That's how both sides applied that case? The phrase, I'm sorry, Your Honor, that search receiver logic is the logic within a search receiver. And the search receiver is a highly- You're saying that logic is a nonce word. Logic isn't always a nonce word. I know this Court held that it is in age and era. This case is very different. There's a highly structural qualifier, and this Court has said you have to look at the entire phrase, and it's search receiver logic in this case. So just like TexEc, where the term was digital logic means, where the presumption was actually flipped against the patent holder, this Court said that digital logic is sufficiently structural to qualify the entire phrase as a structural term to avoid 112.6. If that's the case, then how would a person of ordinary skill in the art recognize that logic or that part of that structure as corresponding to the function in the claim? Because the claim as written is search receiver logic for performing the recited function. So the question now is, is search receiver logic sufficiently structural? And we have a case here where there's unrebutted evidence that it's a known term of art, unrebutted evidence that it's in the communications dictionary, and that's white in the record. There's also unrebutted evidence that it's a known class of structure, search receiver logic, mind you. And so that unrebutted evidence, according to Dyett-Penn and other cases, Your Honors, is conclusive. We don't believe there's ever been a case where there's unrebutted evidence, and it's not the patentee's burden, of course, but there's unrebutted evidence that search receiver logic is a known class of structures, and yet the Court went the other way and decided that it's a means-plus-function term. Okay. You're well into your rebuttal, so why don't we save that. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. I'm Matt Youngberg through the Appellees here. And I believe the Court's questions, Your Honor's questions, hit at the direct issue in this case. The argument that my friend is making is effectively the same as any structure argument. They are suggesting that you can look at the term search receiver logic effectively in a vacuum and say, does this term impart any structure? Does it have any known structure? And if the answer is yes, then that's enough, and the 112-6 analysis is done. The presumption is not overcome. That is not the standard. In fact, that's the exact standard that was rejected. What about the cases he cites? I don't know if it's Dyett-Penn or another one, but I think his view of it is that, I don't want to put words in his mouth, but that seemingly walked back the standard articulated in Williamson. Now, we all know you can't walk back in a mock opinion panel opinion, but what about the other cases he cites which don't reach the question of whether it recites the claim function and just goes explicitly to whether there's structure at all? Yes, Your Honor, and I was actually involved in Dyett-Penn, and I'm very familiar with that one. In that case, the panel was of the view that the expert in that case admitted that off-the-shelf software was available. Commercial off-the-shelf software was available to perform the claim functions. We may disagree with that finding, but the fact is that was the linchpin of the court's opinion in Dyett-Penn. So they never got to this issue. They basically said, well, code, and it's code performing functions, and there the code was off-the-shelf available at the time of the invention. That was the basis of that case. They also talk about VDPP, which is another panel decision. In that case, the defendant did not introduce any evidence to overcome the presumption, and in many of the cases that they cite, that is the issue. They're coming to the Federal Circuit without sufficient evidentiary support. Well, what about where your friend ended, which is that there's, according to him, I think, undisputed or unrefuted evidence in the record about a posita and also about this communications dictionary defined in this term? Yes, Your Honor, and the district court addressed all of those arguments and rejected those arguments. My friend and I disagree as to what is the evidence in this case. Our expert, Dr. Nagus, never admitted that this was a term of art in the applicable field of art, which is wireless communications. The parties agree that wireless communications is the field of art, and the expert— Did their witness say it was in this field of art or not? Well, their witness said that it was a known term and then described this class of structures that is different than the class of structures that they argued in their brief. At the end of the day, the district court weighed the evidence of our expert's opinion and their expert's opinion and found that our expert was reliable and their expert was not. The point was they had identified search receiver, not search receiver logic, but search receiver as a term that was used in global positioning systems and used in the field of electronic warfare. They did not show any search receiver or search receiver logic that performed the function that's at issue here. What about the citation to the dictionaries? Does a description in a dictionary, for example, of this particular term render it a term of art? It doesn't, Your Honor, and the reason is if you look at that dictionary definition, which I think is on page 1570 of the appendix, and you look at how it's describing search receiver, it's got nothing to do with the function here, which is updating routing information. That dictionary is sort of consistent with the use of the term in the global positioning system world where as a GPS device, it simply receives signals. I think they said that the dictionary defines search receiver but not search receiver logic. That is correct, Your Honor. Does a term have to be that specific in order for it to be evidenced? The way I'd answer that, Your Honor, is I think we need to look at the context of the claim. The fundamental question here is would a person of ordinary skill in the art, in the applicable field, which here is wireless communication, would they look at the claim language and understand what is the structure that is being disclosed? Is their structure being disclosed to perform the claim function? Here, the search receiver definition that they refer to would not inform a person of ordinary skill as to what structure would perform the claim function because the search receiver there is describing something completely different and for a different purpose. The question of whether it needs to also have the term logic, what I would say is the applicant here, the patentee here, chose search receiver logic. In the specification, there's discussion of search receiver 164. There's no discussion of search receiver logic, and the applicant decided they wanted to use the term search receiver logic, not just… What is logic? What does that term mean to you? Well, actually, Your Honor, in this case, logic is defined in the patent itself. In the terminology section, there's an explicit definition, and it means everything in the world, effectively. At appendix 124, it defines logic as hardware, firmware, software, or any combination thereof that may be implemented to perform logical operations associated with a given task. Further, logic may include any supporting circuitry that may be required to complete a given task, including non-logical operations, and it goes on. The point is they basically said logic is anything, and that certainly does not amount to sufficient structure for performing plain function. It doesn't tell a person an ordinary skill in the art what is a definite structure that's going to perform the function of updating routing information. You said the district court went through all the arguments, and it does seem pretty thorough, but I do have a couple questions about that. Your friend on the other side argues that the district court failed to consider the opinion of their expert. It doesn't seem to be mentioned. Is that correct or incorrect? I think that's incorrect, Your Honor. There is certainly discussion of Dr. Boches' opinion in here, and I'm looking at appendix pages 25 through, I think it's 29. Yeah, so actually on appendix page 30, there's reference to the Boches Declaration, and I don't know, I'm sorry, but I don't have every single site to adhere to. What was that expert's name, and what was your expert's name? My expert's name was Dr. Kevin Nagus, and theirs was Branimir Bochich, B-O-J-C-I-C. And the Bochich Declaration and all these definitions that he's referring to are discussed at appendix 30, and the district court actually considered both sides' experts' opinions and made a factual determination in assessment of the reliability of those two opinions, and he credited Dr. Nagus' opinions and discredited Dr. Bochich. So at page 15 of their brief, they say that the district court made no reference to particularly paragraph 43 of the Bochich Declaration where Dr. Bochich opines search receiver logic would be understood to be capable of updating the routing information based at least in part on the cross-correlated signal. Is that a fair accusation that the district court overlooked that specific opinion of Dr. Bochich? I don't think it's a fair characterization. I don't know if that particular paragraph is cited in the order, but I know that that paragraph is consistent in Bochich's expert opinion. His declaration is consistent with other opinions he expressed elsewhere. I think it's paragraph 38 is another location where he offers a very similar opinion. He starts off, offers a high-level opinion, goes through analysis, and then concludes it later in the declaration. And I think if you look at his declaration, you'll see that, in fact, the same substance of that is found elsewhere. The district court also says that A25, a so-called known class of circuit structures, cannot be sufficient under the Williamson standard. I think you've already acknowledged that is an incorrect statement of the law, isn't it? Well, I certainly can see that classes of structures in certain circumstances can be sufficient, and here the district court's wording might have been a little bit clearer. What I think the court was trying to convey is that the argument that appellant was making, that the search-receiver logic was, in fact, a class of structures with sufficient structure in them, that is what he was rejecting. And I recognize that one could read this statement by the court differently, but I think if you look at the context, the sentences that precede that sentence and that fall after it, what he's really trying to say is they've come up with this class of structures. It's really attorney argument that it's a class of structures, but if we assume that it's a class of structures, it's not a class of structures that performs the functions that are at issue in the claim. And so we've shown that a person of ordinary skill in the art wouldn't understand these, quote-unquote, class of structures to be sufficient structure for the purpose of performing the claim function, and that is the same outcome that the court reaches later in his opinion a couple pages back. I don't know if there's any questions with respect to what structure is actually found in the specification if you get to step two. I will say I think this is pretty well briefed. One of the primary issues, though, is whether figure 22 of the specification can, in fact, be associated structure if you get to the second step of the 112-6 analysis. And our perspective, while I don't think we use this specific term, is that it cannot, and the reason it cannot is because of prosecution disclaimer. Prosecution disclaimer in this case results from arguments that were made to the Patent Trial and Appeal Board and to the Federal Circuit in a prior appeal where the appellant argued, the appellant here was the appellee there, that figure 22 was not practiced by Claim 1, that the embodiment of figure 22 may be found in other claims, but it's not found in Claim 1, and their statements were unequivocal and unambiguous, and we're entitled to rely on those. They disclaimed the application of figure 22 to Claim 1. In their briefing, they make reference to the fact that the district court analysis was not dealing with the prosecution history stuff, but just straight up looking at the claim language. That is correct. The court did look at that, yes, Your Honor, and that is the second reason why that is not sufficient structure, and certainly not clearly linked sufficient structure or clearly linked structure where they're pulling parts of a figure out and saying this part doesn't count and this part does count. A person of learning skill in the art would not look at this and say, well, you said it doesn't count in its entirety, and now you're saying that parts of it count and other parts of it don't count. What's the standard that we apply to the district court's decision regarding the disclaimer? Is it clear error? I don't know that it would be clear error because here the district court – actually, I'm sorry, Your Honor, I don't know the answer to that question. I don't know if in that context the statements made to the PTAB and to this court constitute intrinsic evidence, in which case – if they constitute extrinsic evidence, then clear error standard might apply, but I'm not sure that's the case here. I think it would be a de novo or abuse of discretion standard. You think if it's just based on intrinsic evidence, it would be de novo. Right. The only place we would use clear error here is with the court's underlying factual findings that led to its construction, and there are several of those related to the expert opinions in this case. If there's no other questions, I have nothing else. Thank you. Your Honor, thank you. We still have three minutes, everybody. Thank you very much, Your Honor. I just have a few quick points. So there is no dispute about how search receiver logic was interpreted to be the logic of a search receiver, and their expert admitted, and this is cited in our brief, that search receiver logic is narrower than logic. But let's even assume that a used search receiver means. There are several cases, including TxEHC and other cases, where you look at the structural qualifier to determine whether the phrase is sufficiently structural. So let's assume that it's search receiver means. What we have here is a record like no other case. First, the district court itself, to correct something that my friend told you guys, the district court itself on Appendix 30 acknowledged that this is a known term of art, and this is at Appendix 30, acknowledged that their expert admitted it's a known term of art. The dictionary, to correct another statement by my friend, is that we rely on is a communications dictionary, not in some inapposite field, and it describes the search receiver in a way that is nearly identical to the way that the patent describes it, namely a circuit for extracting and identifying information in an electromagnetic signal in the baseband. That doesn't seem to be what Dr. Negus testified. He's the expert for the other side, correct? Correct. Okay. It says on Appendix 30, line 25, Dr. Negus also knows that the term search receiver and search receiver logic were not used to describe components within wireless networking products as evidenced by the terms not being mentioned in the IEE dictionary standard terms. It seems to me that on its face rebuts your argument. It does not, Your Honor. He looked at one dictionary and said it's not in this dictionary, the IEEE, and therefore it cannot be structural. We have a dictionary, a communications dictionary, and this is cited at JA 1471 with the dictionary added and attached, and it's the communications dictionary by Weick. It's a receiver that can be tuned over a relatively wide frequency band in order to detect, identify, or measure electromagnetic signals. So that definition in the record, too, but going to page A30, you told us the district court found that their expert admitted that you're right. Where is that on A30? Because it seems instead the district court rejected your position. Thank you, Judge Stark. What the district court acknowledged on A30 is that their expert said it's a known term of art. So this is a parenthetical on line 21 of page 30 acknowledging that search receiver and search receiver were known terms of art. But explaining that what was known about search receiver, as I went into considerable detail in this declaration, was that the known search receiver of the time frame would not connote structure that would be capable of performing the recited function of a claim element. Precisely. How is that an admission that favors you? Because the part that is relevant is that it's a known term of art. Why is the rest of it not relevant? Because it applies the wrong test, Your Honor. It misapplies Williamson for the proposition that you have to ask whether that structure can be capable of performing the recited function. And here, no court has ever asked that question, can it be capable and how is it capable? And you don't look at dictionaries to see if the dictionary also says that it performs the recited function. Also, Your Honor, we know that the actual known class of structures, opinion by our expert, was unrebutted because their expert and the district court did not think that the class of structures was sufficient. We know that that's one error. We have evidence showing it's a class of structures. They haven't rebutted it because they applied a different test, the capable of and how test, which is not a question asked in step one. Finally, Your Honors. Quickly, because your time has expired. One final thought. The final thought is that even if this term is a means plus function, the court made several errors in the next step of the analysis to determine that it's a black box. The one that I'll note, the rest of them are brief, is that it ignored an explicit reference in the patent in the discussion of figure 22 back to figure 18. And there is no disclaimer here because we did not disclaim the use of any part of figure 22. But regardless, there is no doctrine that allows a court to ignore a reference in one embodiment in the description of it to supplement the knowledge of the description of another embodiment, which is figure 18. And that's what the district court did. It ignored the reference in figure 22 back to figure 18. And this is not an issue of disclaimer. It's just whether that reference in the description in that reference can be read in light of figure 18 together. Thank you. Thank you.